IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARIF MOZAAR MUSTAFA EL BEY ) | |
| formerly known as Alton Cannon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 11-602-GMS |
| ) | |
| CITY OF WILMINGTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Sharif Mozaar Mustafa El Bey ("El Bey"), formerly known as Alton

Cannon filed a complaint on July 7, 2011. (D.I. 2.) El Bey is a frequent filer in this court. He

appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons

discussed below, the court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the instant complaint, El Bey cites to what appear to be numerous federal statutes,

although many of the citations are to non-existent statutes. It may be that El Bey, who proceeds

as a Free Moorish National, attempts to cite to authority regarding a foreign tribunal. The

complaint states that jurisdiction rests pursuant to 28 U.S.C. § 1331, 1332, and 1333. El Bey

names as defendants the City of Wilmington, New Castle County Sheriff Trinidad Navarro, as

well as private individuals.

The complaint refers to eminent domain, a fraudulent sales transaction, and a "Notice of Complaint(s)" apparently filed by El Bey (as a "mortgagee/leinee") with the City of Wilmington. Attached to the complaint is a "(Tubal-Cain)" "Mortgagee's Lien", prepared by El Bey and recorded by the New Castle Recorder on July 6, 2011.

The complaint contains no claim for relief.

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because El Bey proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant El Bey leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that El Bey has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege El Bey's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted

3

unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

Try as it might, the court is unable to discern from the complaint what El Bey's attempts to allege or what his claims might be. El Bey seeks no relief. His complaint is unintelligible, "clearly baseless" and presents a classic example of a frivolous lawsuit containing allegations that are wholly fanciful, unbelievable, and which fail to state a claim for which relief can be granted. Even though El Bey may believe that his factual allegations are "real," this does not preclude dismissal on the basis of frivolity. Other courts have arrived at the same difficult conclusion when reviewing unintelligible complaints. *See, e.g., Christian v. Moore*, 2010 WL 3418390, at *1-2 (W.D.N.C. Aug. 30, 2010); *Calhoon v. San Diego Police Dep't*, 2010 WL 3184254, at *1-2 (S.D. Cal. Aug. 10, 2010); *Hix v. Bush*, 2010 WL 2560446, at *1 (E.D. Mich. June 16, 2010); *Lignell v. Catholic Church*, 2010 WL 2521452, at * 3-5 (D. Utah May 6, 2010).

Because El Bey's allegations are totally implausible, attenuated, and devoid of merit, the court will dismiss the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]While not clear, it may also be that this Court must abstain under the *Younger* abstention doctrine or that it lacks jurisdiction by reason of the *Rooker-Feldman* doctrine.

## V. CONCLUSION

For the above reasons the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Jan 6 , 2012
Wilmington, Delaware